UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIKIA BURKS,

    Plaintiff,

vs.                                                    CASE NO.: 8:23-cv-1195

CHECKER'S DRIVE-IN RESTAURANTS, INC.,
d/b/a Checkers and Rally's

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BIKIA BURKS, (hereinafter "Plaintiff" or "Ms. Burks"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, CHECKER'S DRIVE-IN RESTAURANTS, INC. (hereinafter "Defendant" or "Checkers") and alleges:

**JURISDICTION AND VENUE**

1. This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to The Americans with Disabilities Act, 42 U.S.C. § 12101, et al ("ADA"); The Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), and Title VII of the Civil Rights Act of 1964 ("TITLE VII").

1

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff is a resident of the State of Florida and is a protected employee under the FCRA and the ADA as a person with a disability, and Title VII as a homosexual person.

5. The Defendant, CHECKER'S DRIVE-IN RESTAURANTS, INC., is a for profit corporation with its principal address at 4300 W Cyprus Street, Ste 600, Tampa, Florida 33607 which is located in the Middle District of Florida.

6. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

7. Ms. Burks is a 42-year-old homosexual woman.

8. On October 26, 2021, Checkers hired Ms. Burks as a Team Member.

9. In or around November 2021, when Ms. Burks was training, Checkers began targeting the known homosexual employees, terminating them without legitimate reason.

10. After having interacted with Ms. Burks, and finding that she is homosexual, management and other employees subjected Ms. Burks to severe and pervasive discriminatory harassment.

11. On multiple occasions, one of Ms. Burks' coworkers referred to Ms. Burks as "her gay ass." Likewise, the General Manager, Rebecca (last name unknown) repeatedly and explicitly stated, "I don't want to work with gay people anymore. I'm tired of working with gay people." Additionally, management interrogated Ms. Burks about her sexual orientation and stated that she "should be with a boy not a girl."

12. Later in November 2021, Ms. Burks began suffering from a physical condition that made her ill and substantially limited her ability to work as she suffered from flares.

13. When Ms. Burks sought medical advice regarding her illness, she was told that she would need to have her gallbladder removed.

14. Ms. Burks informed Checkers about her disability and asked for reasonable accommodation that would allow her to take a brief medical leave for her surgery.

15. In response, Rebecca stated, "You're not going to be working here much longer after surgery."

16. On February 1, 2022, Ms. Burks had surgery to have her gallbladder removed.

17. On or around February 11, 2022, Ms. Burks returned to work with lifting restrictions.

18. Ms. Burks informed Checkers about her lifting restrictions. However, Checkers refused to reasonably accommodate Ms. Burks though it could have easily done so.

19. After Ms. Burks requested reasonable accommodations, Rebecca deliberately ignored Ms. Burks' lifting restrictions and repeatedly ordered Ms. Burks to lift heavy boxes of fries.

20. Rebecca also berated Ms. Burks for not knowing how to work the new grill that was installed while Ms. Burks was on her disability-related medical leave.

21. Shortly after Ms. Burks' surgery, Rebecca made derogatory comments about Ms. Burks in an attempt to publicly humiliate her. Rebecca stated, "You're too fat. You need to exercise, so I'm going to have you do extra work." and "maybe if you weren't so fat your performance would be better."

22. Ms. Burks did not have any performance issues, and Ms. Burks' physical limitations were directly linked to her temporary, disability-related restrictions.

23. On February 13, 2022, Checkers ordered Ms. Burks to leave during her shift in response to her protected request for reasonable accommodations.

24. After Ms. Burks' shift on February 14, 2022, Rebecca terminated Ms. Burks via text message, stating, "Sorry but we are going to go ahead and part ways. This is not working out. Sorry, take care."

25. Checkers did not provide a reason for Ms. Burks' sudden termination.

26. Ms. Burks has suffered damages in the form of lost wages, compensatory damages, and emotional distress due to discrimination based on her sexual orientation and disability.

27. These damages are compensable under The Americans with Disabilities Act, 42 U.S.C. § 12101, et al ("ADA"); The Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), and Title VII of the Civil Rights Act of 1964.

28. Ms. Burks has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## VIOLATION OF TITLE VII
## SEXUAL ORIENTATION DISCRIMINATION

29. Plaintiff, BIKIA BURKS, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through twenty-eight (28) as if set forth fully herein.

30. Title VII makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's sexual orientation.

31. Plaintiff is a member of a protected class as she is a homosexual woman.

32. Defendant is considered an "employer" within the meaning of Title VII.

33. When Defendant found that Plaintiff is homosexual, it subjected her to severe and pervasive discriminatory harassment.

34. Defendant subjected Plaintiff to a hostile work environment by allowing its management and other employees to make homophobic comments toward her and interrogate her about her sexual orientation.

35. Defendant terminated Plaintiff because she is homosexual.

36. As a direct and proximate result of Defendant's unlawful termination, Plaintiff has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

  B. Awarding Plaintiff compensatory damages against Defendant;

  C. Awarding reasonable attorney's fees and costs incurred in this action; and

  D. Any such other and further relief as this Court deems just and equitable.

## COUNT II
## VIOLATION OF THE FCRA
## SEXUAL ORIENTATION DISCRIMINATION

  37. Plaintiff, BIKIA BURKS, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through twenty-eight (28) as if set forth fully herein.

  38. Plaintiff brings an action under the Florida Civil Rights Act of 1992, § 760.01, *et al.,* for Defendant's treatment of her which resulted in her termination.

  39. Plaintiff is a member of a protected class as she is a homosexual woman.

  40. Defendant is considered an "employer" within the meaning of the FCRA.

  41. When Defendant found that Plaintiff is homosexual, it subjected her to severe and pervasive discriminatory harassment.

  42. Defendant subjected Plaintiff to a hostile work environment by allowing its management and other employees to make homophobic comments toward her and interrogate her about her sexual orientation.

43. Defendant terminated Plaintiff because she is homosexual.

44. As a direct and proximate result of Defendant's unlawful termination, Plaintiff has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

E. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F. Awarding Plaintiff compensatory damages against Defendant;

G. Awarding reasonable attorney's fees and costs incurred in this action; and

H. Any such other and further relief as this Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FCRA
## DISABILITY DISCRIMINATION

45. Plaintiff, BIKIA BURKS, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through eight (8) and twelve (12) through twenty-eight (28) as if set forth fully herein.

46. Plaintiff brings an action under the Florida Civil Rights Act of 1992, § 760.01, *et al.,* for Defendant's treatment of her which resulted in her termination.

47. While working for Defendant, Plaintiff suffered from symptomatic gallstones which required her to have her gallbladder removed.

48. Plaintiff informed Defendant about her disability and asked for reasonable accommodation that would allow her to take a brief medical leave for her gallbladder removal surgery.

49. After Plaintiff's gallbladder was removed, she returned to work with medically-mandated lifting restrictions and accordingly asked Defendant for reasonable accommodations.

50. Defendant refused to reasonably accommodate Plaintiff and subjected Plaintiff to a hostile work environment following her request for accommodation.

51. Defendant discriminated against Plaintiff by deliberately ignoring her lifting restrictions, and berating her for not knowing how to operate a new grill that was installed while Plaintiff was on her disability-related medical leave. Defendant also allowed derogatory comments to be made toward Plaintiff in an attempt to publicly humiliate her for seeking reasonable accommodations.

52. Defendant violated the FCRA by failing to grant Plaintiff's request for a reasonable accommodation after her gallbladder removal surgery, and subjected Plaintiff to a hostile work environment.

53. Defendant knew or should have known about the discrimination alleged herein.

54.     Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the FCRA.

55.     As a direct, proximate, and foreseeable result of the Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, BIKIA BURKS, demands entry of a Final Judgment against Defendant, CHECKERS, for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     Reasonable attorney's fees and costs; and

F.     All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
## VIOLATION OF THE ADA
## DISABILITY DISCRIMINATION

56. Plaintiff, BIKIA BURKS, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through eight (8) and twelve (12) through twenty-eight (28) as if set forth fully herein.

57. The ADA makes it unlawful to discriminate against employees for a disability or perceived disability.

58. While working for Defendant, Plaintiff suffered from symptomatic gallstones which required her to have her gallbladder removed.

59. Plaintiff informed Defendant about her disability and asked for reasonable accommodation that would allow her to take a brief medical leave for her gallbladder removal surgery.

60. After Plaintiff's gallbladder was removed, she returned to work with medically-mandated lifting restrictions and asked Defendant for reasonable accommodations.

61. Defendant refused to reasonably accommodate Plaintiff and subjected Plaintiff to a hostile work environment following her request.

62. Defendant discriminated against Plaintiff by deliberately ignoring her lifting restrictions and berating her for not knowing how to operate a new grill that was installed while Plaintiff was on her disability-related medical leave. Defendant

also allowed derogatory comments to be made toward Plaintiff in an attempt to publicly humiliate her for seeking reasonable accommodations.

63. Defendant violated the ADA by failing to grant Plaintiff's request for a reasonable accommodation and subjected Plaintiff to a hostile work environment.

64. Defendant knew or should have known about the discrimination alleged herein.

65. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADA.

66. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, and embarrassment. Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's actions.

**WHEREFORE**, Plaintiff, BIKIA BURKS, demands entry of a Final Judgment against Defendant, CHECKERS, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for the Hostile Work Environment including mental anguish, loss of enjoyment of life, and humiliation;

D.   Prejudgment interest;

E.   Reasonable attorney's fees and costs; and

F.   All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 30th day of May 2023.

*/s/ Gary L. Printy, Jr.*
**GARY L. PRINTY, JR. ESQ.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W Fletcher Ave, Ste A
Tampa, Florida 33618
(P): (813) 434-0649
(F): (813) 423-3722
Email: garyjr@printylawfirm.com
*Attorney for Plaintiff*